UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA (NEW ORLEANS)

------------------------------------------------------------X
DONALD W. BORDELON                              : CASE NO. __
                                                :  **18-2563**
    Plaintiff                                :
                                                :  **SECT. I MAG. 1**
v.                                              :
                                                :
WELLS FARGO FINANCIAL LOUISIANA LLC.,           :
WELLS FARGO BANK N.A. acting as the loan servicer :
For WELLS FARGO FINANCIAL LOUISIANA LLC.,       :
And HERSCHEL ADCOCK JR., Esq.                   :
                                                :
    Defendants                              :
------------------------------------------------------------X

DONALD W. BORDELON complains as follows:

1. Wells Fargo Financial Louisiana LLC. ("WFLA"), Wells Fargo Bank N.A. ("Wells Fargo" or "the bank") and Herschel Adcock Jr. ("Adcock") have been involved in an ongoing enterprise within the meaning of 18 USC § 1961 to, through a series of false or misleading statements, foreclose on his immovable property at 733 Blanche St., Metairie, Jefferson Parish, La.

2. The conspiracy involves falsely alleging that Mr. Bordelon has signed a mortgage secured by on that property in year 2000, that he was in default on his payments on that year 2000 mortgage and then commencing state court lawsuit to foreclose on it.

X Fee 400.00
__ Process_____
X Dktd_____
__ CtRmDep_____
__ Doc. No._____

3. In fact, Mr. Bordelon **did not** sign the 2000 mortgage, it was paid off in 2003, and even if it had not been paid off, inasmuch as no payments have been made on it since 2003, any action would be time-barred by the Louisiana 10-year statute of limitations.

4. Mr. Bordelon seeks relief pursuant to Fair Debt Collection Practices Act of 1990 § 805; the Racketeer Influenced and Corrupt Organizations Act (18 US, C § 1961 et seq); and a common law claim intentional infliction of emotional distress.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S. C. § 1331 because it raises a question based on the laws and Constitution of the United States. Venue is correct because the plaintiff resides in and the property in question is located in this District, and the court has supplemental jurisdiction pursuant over the common law claim because it is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## THE PARTIES

6. Donald W. Bordelon resides at 733 Blanche St., Metairie, Jefferson Parish, La.

7. Wells Fargo Financial Louisiana Inc. is located at 800 Walnut St., Des Moines, IA.

8. Wells Fargo Bank N.A. has a main office at 420 Montgomery St., San Francisco, CA.

9. Herschel Adcock Jr. is an attorney licensed to practice law in Louisiana, with offices at 13541 Tiger Bend Rd., Baton Rouge, La.

## STATEMENT OF FACTS

10. On March 10, 2000, Ernest Bordelon Jr. and his wife, Zoie Breaux Bordelon took a loan with Norwest Financial America Inc. According to the allegations submitted in a pending state action in Jefferson Parish, La. more fully described below, it was secured by the property at 733 Blanche St., Metairie, Jefferson Parish, La. (The "2000 Loan"). According to Note submitted by the defendants here in support of that pending foreclosure petition, that loan established a $150,000 line of credit, of which $22,209 was then in use.

11. The petition to "Enforce a Promissory Note with Recognition of Mortgage" was filed in 2016 with the 24th Judicial District Court for Jefferson Parish, LA. (*Wells Fargo Financial Louisiana v. Zoie Bordelon* et. al, Index 757-924) contradicts that document even though it is its own exhibit. That petition alleges the year 2000 loan was one for $72,354 with an unpaid balance of $63,140.

12. Wells Fargo Financial Louisiana filed the above foreclosure petition by fax on February 16, 2016. It named as defendants Ernest, Zoie, Donald and

Geraldine Bordelon [1] and it alleged that they had in 2000 signed a $72,354 loan secured by the Blanche Street property. This incorrectly describes the 2000 loan because (based on the plaintiff's own exhibit) it was for an open line for credit for $150,000 of which $22,209 was then in use. It further is incorrect because Donald and Geraldine Bordelon did not sign the year 2000 mortgage. The petition alleges that they breached the contract when they stopped making payments but doesn't say when this breach occurred.

13. On April 26, 2016 WFLA filed an amended petition stating that Ernest and Zoie were deceased, amending the caption to reflect this, and asking that a curator be appointed for them. On May 24, 2016, the court appointed Jamie Domilise Henry as curator for Ernest and Zoie Bordelon.

14. On January 27, 2017, WFLA moved for summary judgment. In that motion, the plaintiff again alleged that Ernest, Zoie and Donald W. Bordelon had on March 9, 2000 signed a promissory note for $72,354 bearing an interest rate of 12.95% and secured by the Blanche Street property. This is again incorrect in that Donald W. Bordelon did not sign the 2000 loan papers.

---

[1] Geraldine Bordelon was then Donald W. Bordelon's wife and they subsequently were divorced. As part of the divorce settlement she waived any claim to the 733 Blanche St. property.

15. Furthermore, there is no evidence that any more than the original $22,209 identified in the year 2000 loan was ever drawn down from the credit line, and whatever was owed on the year 2000 note was paid off in 2003. The summary judgment motion was supported by a Lost Note Affidavit signed by Shane Slutzman described as vice president for loan documentation of Wells Fargo Bank N.A. as servicer for WFLA.

16. The Stutzman affidavit was notarized in Dakota County MI and mailed from there to Louisiana. It says that "Donald W. Bordelon …delivered to (WFLA) a certain Note dated **July 7, 2003** in the original amount of $72,354. The Note was secured by security instrument executed by Donald W. Bordelon…**dated July 7, 2013**. [Emphasis added] It alleges that the Note is lost.

17. Attached to the Stutzman affidavit however is what he claims is the Mortgage for the supporting 2003 loan. It is the Mortgage for the long expired 2000 loan.

18. The summary judgment motion is also supported by an affidavit from Darenique Jamison mailed from York County, SC dated December 13, 2015 describing herself as vice president for loan documentation of Wells Fargo Bank N.A. as servicer for WFLA which alleges that Donald W. Bordelon owed through December 13, 2016 a total of $115,140.

19. The Jamison affidavit says that Donald W. Bordelon "defaulted on the Note." But it doesn't say *when* he defaulted on the Note and which Note he defaulted on --- the expired 2000 note signed by his parents or the 2003 Note described Mr. Slutzman for which there is no proof.

20. Further, Ms. Jamison's affidavit says that Mr. Bordelon owes WFLA $115,140 which she says consists of a principal amount of $63,149, from April 28, 2014 to December 12, 2016, and interest of $27,968 "at variable rates" through April 27, 2014. It doesn't identify *which* Note is involved ---the year 2000 one which was not signed by Mr. Bordelon, or the year 2003 note which Mr. Stutzman says is lost.

21. None of Ms. Jamison's figures for the amount due are consistent with the statements in the complaint or in the mortgage attached to the Stutzman affidavit. For example, while she cites "variable interest rates," all prior statements have referred to fixed interest rates.

22. Throughout 2016 and 2017, Wells Fargo Bank acting as servicer for the 2000 loan sent a series of letters via the U.S. mail threatening Mr. Bordelon with foreclosure unless he paid the expired year 2000 note. In those letters, Wells Fargo Bank conceded it was attempting to collect a debt.

23. As a direct and proximate result of this campaign of false mailings, dunning letters sent by Wells Fargo Bank and the bogus lawsuit filed in the

Jefferson Parish court, Mr. Bordelon has suffered extreme emotional distress, has lost sleep and appetite and has been fearful of leaving his home lest he return to find it padlocked.

### AS AND FOR A FIRST CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### VIOLATION OF 18 USC § 1961 et seq (RICO)
### AS AGAINST ALL DEFENDANTS

24. Plaintiff repeats and re-alleges the allegations set forth above as if more fully sort forth below.

25. Wells Fargo Bank, Wells Fargo Financial Louisiana and Mr. Adcock conducted an enterprise through a pattern of racketeering activity when they falsely dunned Donald W. Bordelon for monies from the year 2000 note which he did not owe and then filed a foreclosure petition in the Jefferson Parish court. Organizations Act ("RICO") 18 U.S.C. §1961 et seq.

26. Wells Fargo Financial Louisiana, Wells Fargo Bank and Mr. Adcock conducted an enterprise through a pattern of racketeering activity when they falsely dunned Donald W. Bordelon and threatened to foreclose on his home for an expired mortgage which in fact he never signed. Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq.

27. Donald W. Bordelon was injured by his expenses in defending the Jefferson Parish lawsuit, his expenses in hiring a firm which does mortgage audits in an effort to find out why WFLA was trying to foreclose on him and by the

consequent depreciation of the value of his home. Mr. Adcock initiated the Jefferson Parish petition by "fax." The Stutzman and Jamison affidavits were sent by mail. Both Wells Fargo Bank and Wells Fargo Financial Louisiana are involved in interstate commerce and based outside Louisiana. Thus the injury alleged was caused by the defendants' commission of one or more of the predicate acts defined by 18 U.S.C. §1961(1); and Donald W. Bordelon was the intended target of that defendants' conduct.

28. Wells Fargo Bank sent at least two letters through the U.S. Mail alleging falsely that Donald W. Bordelon was in default of payments in the year 2000 note. It presumably did so at the direction of Wells Fargo Financial Louisiana. Such letters were intended to defraud Mr. Bordelon of property (his home) by means of false pretenses or representations and amounted to mail fraud pursuant to 18 U.S.C. § 1341. These are predicate acts under RICO.

### AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST WELLS FARGO BANK VIOLATION OF THE FDCA

29. Plaintiff repeats and re-alleges the allegations set forth above as if more fully set forth below.

30. Wells Fargo has identified itself as servicer of the loan it alleges is in default. The alleged default occurred in 2010, and Wells Fargo Bank became

servicer after that date, and so it is a debt collector and as such is subject to the Fair Debt Collection Practices Act. 15 USC § 1692 (a) (11).

31. The bank knew that Donald W. Bordelon did not sign the year 2000 Note because it possesses a copy of such note, and with reasonable diligence should have known that the year2000 note was returned in year 2003.

32. It violated FDCPA § 807 (2) (A) when it made false statements about the character, amount and legal status of the purported debt.

## AS AND FOR A THIRD CAUSE OF ACTION
## AS AGAINST ALL PARTIES
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff repeats and re-alleges the allegations set forth above as if more full set forth below.

34. Wells Fargo Financial Louisiana, Wells Fargo Bank and Mr. Adcock all knew that Donald W. Bordelon did not sign the year 2000 note, that it had been paid off in 2003 and/or that no payments had been made on that note since 2003 and yet they continue to barrage him with threats of foreclosure on his home if he did not pay the purported debt.

35. As such, these actions were intended to cause severe emotional distress by extreme and outrageous conduct. Such conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

36. A jury trial is demanded to the maximum permitted by law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Donald W. Bordelon asks as follows:

Actual, statutory and punitive damages as set by the court and jury, but in no event, less than $1 million, together with such other and further relief as the court deems just.

Respectfully,

*Donald W. Bordelon*
Donald W. Bordelon, pro se

Dated: March 12, 2018

733 Blanche St.
Metairie, LA 70003

504-224-5005